## Cravens' Ex'r v. Cravens et al.

March 26, 1948.

Ralph Hurt for appellant.
Ben V. Smith for appellees.

Opinion of the Court by Clay, Commissioner— Affirming.

This is a suit for a declaration of the right of appellees, the wife and brother of W. L. Cravens, as beneficiaries under his will. It was brought against the appellant executor and involves construction of the instrument and the right of election thereunder.

The testator was in the insurance business at Russell Springs. Item IV. of his will provides:

"I will, give and bequeath my insurance agency in Russell Springs, Ky., to my said wife, Mary Lois Cravens, and to my brother, Wilbur V. Cravens, to be enjoyed and received by them as follows, to-wit:

"(1) So long as my said wife and my said brother desire to carry on the business of said agency, I will and direct that my said brother shall have and take personal charge of said business, and that each shall have and receive one-half of the profits of said business, share and share alike, and each shall share one-half of the expenses of carrying on said business, and for such period as they carry on said business in the manner above specified, I hereby invest my said brother and my said wife with full power and authority to conduct and carry on said business, and to do all things necessary or proper in the usual course of business.

"(2) In the event my said brother and said wife wish to terminate the carrying on of said business together at any time, however, or if my said brother fails to take or continue in personal charge of said business at any time, I then will and direct that said business be sold by executor of this will for the best price obtainable, and that one-fourth (¼th) of the sales price of same be paid to my said brother Wilbur V. Cravens, and three-fourths of said sales price to be paid over to my said wife, Mary Lois Cravens, which said sales price I hereby will, give and bequeath to my said brother and my said wife to be theirs absolutely in the proportions prescribed and stated."

The petition alleges (and these facts are admitted by appellant) that at the death of the testator his wife and brother took possession of the insurance agency and all of its contracts and assets, and they have together

continued to operate such business. It is further alleged that the tangible assets of the business included office equipment with a value slightly over $100, and two bank accounts, but the latter were not quite sufficient to pay the debts of the agency. Appellees propose to assume all the obligations of the business, and intend to continue its operation. It is alleged that the executor insists upon taking possession of the assets of the agency as a part of the testator's estate, and that he proposes to sell the business as provided in the will in the event the prescribed conditions materialize.

The Chancellor adjudged the appellees were the absolute owners of the insurance agency and all of its assets, and that executor had no interest therein.

It appears evident from the language of the will that the bequest of the insurance agency carried with it all of the assets of the business, both tangible and intangible. We do not see how the language could be construed to pass a part of the assets and not all of them. The testator was bequeathing a going concern, and it was his expressed intention that it should be continued as such. In order to carry on the business, all of its incidents passed to the appellees. This is the same as any other specific bequest.

The only other question in the case is whether or not the direction for a sale of the business by the executor upon the happening of certain events vests him with an interest in, or duties in connection with, the business. The will did nothing more than impose on him a contingent obligation to convert the business into cash and divide the proceeds between the testator's wife and brother.

The right of a beneficiary to elect to take the property in specie rather than the proceeds upon conversion is well recognized. See Page on Wills, Lifetime Edition, Volume IV, Section 1360; 19 Am. Jur., Equitable Conversion, Section 30. The only requirement is that the election by all parties who are sui juris must be unequivocally manifested. Here, by verified petition, appellees expressly elect to take over the business completely and to dispose of it by arrangement between themselves. It is our conclusion that in view of this election, the insurance agency is now owned absolutely

by the appellees, and the executor has no further interest therein.

The Chancellor properly adjudicated the rights of the parties, and the judgment is affirmed.